334    APPELLATE COURTS OF ILLINOIS.

Mahalek v. Merchants Reserve Life Ins. Co., 205 Ill. App. 334.

## Marie Mahalek, Appellee, v. Merchants Reserve Life Insurance Company, Appellant.

### Gen. No. 22,788.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD
S. TUTHILL, Judge, presiding. Heard in this court at the October
term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Marie Mahalek, plaintiff, against the
Merchants Reserve Life Insurance Company, defend-
ant, to recover on a life insurance policy. From a
judgment for plaintiff for $1,161.39, defendant appeals.

GIDEON S. THOMPSON, for appellant.

HART E. BAKER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

### Abstract of the Decision.

1. INSURANCE, § 436*—*what is sufficient notice of insured's death
obviating necessity of formal proofs.* Where notice of an insured's
death was given to the president of the insurer company who re-
plied "all right, they would go and see him," *held* that this afforded
the insurer all opportunity necessary for it to verify the death and
ascertain the cause thereof, notwithstanding no formal proofs of
death contemplated by the policy were made.

2. INSURANCE, § 456*—*when formal proofs of death are waived.*
Where the insurer in a life insurance policy refused to pay upon
the ground that the insured's answers to questions touching his
health in his application for the policy were false, *held* that formal
proofs of death contemplated by the policy were waived.

3. INSURANCE, § 452*—*when notice of loss is waived.* Where
the defense to an action to recover on a life insurance policy is

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

placed on other grounds than the death of the insured, notice of loss is waived.

4. INSURANCE, § 659*—*when evidence is sufficient to show truth of statements in application.* Evidence in an action on a life insurance policy, *held* to warrant finding that the insured's statements in his application for life insurance as to his health were true and not false.

5. INSURANCE, § 663*—*what is not evidence of knowledge of falsity of statements by insured in application.* A coroner's finding on autopsy that an insured's death was due to organic heart disease, *held* not to be evidence tending to prove that the insured consciously departed from the truth when he represented in his application for life insurance that he did not suffer from heart disease, in an action to recover on a life insurance policy.